IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **MONICA MONTES,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **Cause No. 3:20-CV-234** |
| § | |
| **LINDA MORENO and ADP, LLC,** § | |
| § | |
| **Defendants.** § | |
| § | |
| § | |

## NOTICE OF REMOVAL

Defendant ADP, LLC ("ADP") file this Notice of Removal removing Cause No. 2020-DCV-2185 from the County Court at Law Three of El Paso County, Texas to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

**I. PROCEDURAL BACKGROUND**

1.      On July 8, 2020, Plaintiff Monica Montes ("Plaintiff") filed her "Original Petition" against Defendant and Linda Moreno ("Moreno") in the County Court at Law Three of El Paso County, Texas styled *Monica Montes v. Linda Moreno and ADP, LLC*, 2020-DCV-2185. In her Original Petition, Plaintiff alleges that she was discriminated and subjected to a hostile work environment while at work in violation of Chapter 21 of the Texas Labor Code ("Chapter 21"). Specifically, she claims her supervisor Moreno:

> [P]roceeded to discriminate against Plaintiff because of Plaintiff's age, 46, as well as some of the other older employees. Almost immediately, Moreno treated the older employees worse than she treated the younger employees and subjected Plaintiff to a hostile work environment because of Plaintiff's age.

1

v.

Orig. Pet. ¶ 10. She also claims Moreno scrutinized her work and disciplined her to prevent her from obtaining a promotion. Orig. Pet. ¶ 11–12. Plaintiff then claims she "oppos[ed] ADP's discriminatory practices" which resulted in "even more of a hostile work environment" and her ultimate discharge in retaliation for her opposition. *Id.* ¶ 27.

2.      Moreover, Plaintiff asserts a claim for assault against Moreno. ¶ 19. Plaintiff claims in the Petition that Moreno assaulted her by slapping and grabbing a table in a "threatening manner" when Moreno was visibly upset, as well as by Moreno making strangling/choking gestures in Plaintiff's presence.  Orig. Pet. ¶ 21–23.

3.      Plaintiff served her Original Petition on Moreno on August 3, 2020, and ADP on August 11, 2020. This removal is thus timely filed. True and correct copies of all pleadings served on Defendants are attached hereto.

## II.   DIVERSITY JURISDICTION

### A. There is Complete Diversity of Citizenship Between Plaintiff and ADP

4.      The District Courts of the United States have original jurisdiction over this action based on complete diversity between the parties, in that ADP is now, and at the time the action was filed, diverse in citizenship from Plaintiff. Upon information and belief, Plaintiff is a resident of El Paso County, Texas and a citizen of the State of Texas. *See* Pl.'s Orig. Pet. ¶ 2. ADP is a Delaware limited liability company whose sole member is ADP Atlantic, LLC, also a citizen of Delaware. ADP Atlantic, LLC's sole member is Automatic Data Processing, Inc. Automatic Data Processing, Inc. is incorporated in Delaware and has its principal place of business in Roseland, New Jersey. Thus, there is complete diversity of citizenship between Plaintiff and ADP.

v.

**B. Moreno is Improperly Joined**

5. Although Moreno is a non-diverse defendant, her citizenship must be disregarded because she has been improperly joined in this case to obstruct the Court's diversity jurisdiction.

*Improper Joinder Standard*

6. In order to establish improper joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts; or (2) that the plaintiff cannot establish a cause of action against the non-diverse defendant in state court. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (citing *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004)). Under the latter method, if the court finds that there is no "reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant," then that in-state defendant is improperly joined. *Id.* (quoting *Smallwood*, 385 F.3d at 573).

7. "[T]he standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). In analyzing a 12(b)(6) motion, courts apply the pleading standard enunciated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

8. In *Iqbal* and *Twombly*, the Supreme Court outlined the pleading requirements necessary to survive a motion to dismiss. Rule 8(a)(2) requires "only a 'short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint "does not need detailed factual allegations," *id.*, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

3

v.

accusation." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

9. This pleading standard applies when the Court determines whether Plaintiff improperly joined Moreno to this lawsuit. *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 202-208 (5th Cir. 2016) (stating that courts must apply federal pleading standard to actions removed based on improper joinder).

10. As discussed below, Plaintiff's assault claim against Moreno does not survive a 12(b)(6) analysis. She is therefore improperly joined.

### *Plaintiff cannot maintain her assault claim against Moreno*

11. Plaintiff's assault claim asserted against Moreno fails because she did not assert a factual predicate supporting bodily injury, threat of imminent bodily injury, or a specific injury caused by Moreno. The elements of civil assault mirror those required for criminal assault. *McCowan v. Software Spectrum, Inc.*, 2002 WL 505138, *12 (Tex.App.—El Paso Apr. 4, 2002, no pet.). The elements of assault by offensive contact in Texas are that: (1) the defendant acted intentionally or knowingly, (2) the defendant made contact with the plaintiff's person, (3) the defendant knew or reasonably should have believed that the plaintiff would regard the contact as offensive or provocative, and (4) the defendant's contact caused injury to the plaintiff. *See Moore*

4

v.

*v. City of Wylie*, 319 S.W.3d 778, 782 (Tex.App.—El Paso 2010, no pet.); *see also Galvan v. Brown Jordan Intern., Inc.*, 2013 WL 8475848, at *3 (W.D. Tex. Mar. 28, 2013). The Penal Code defines "bodily injury" to mean physical pain, illness, or any impairment of physical condition. TEX. PENAL CODE ANN. § 1.07(a)(8) (Vernon Supp. 2009).

12. For example in *Moore*, the plaintiff alleged that defendant poked him in and around his chest area. *Moore*, 319 S.W.3d at 782. He also asserted that the defendant intentionally, knowingly, or recklessly made contact with plaintiff which caused bodily injury and intentionally and knowingly threatened him with imminent bodily injury. *Id.* The *Moore* court affirmed summary judgment in favor of defendant because plaintiff did not testify or offer any evidence that being poked in the chest caused bodily injury thereby failing to establish the final element of an assault claim. *Id.*

13. Here, Plaintiff alleges that her awareness of Moreno's alleged prior history (alleged nervous breakdown and alleged physical attack of another employee in an unrelated employment) and the alleged assault of Plaintiff caused her injury. Pl.'s Pet. at ¶ 21–23. Plaintiff's allegations are threadbare recitals of the elements of an assault claim, supported by mere conclusory statements, which are not sufficient to survive 12(b)(6) analysis. *Iqbal*, 556 U.S. at 678. From Plaintiff's allegations – Moreno slapped and grabbed a table and made strangling/choking gestures in Plaintiff's presence – the Court cannot reasonably infer that Moreno would be liable for assault because there is no reasonable inference which can be drawn to establish Plaintiff suffered bodily injury. *Id.* Notably, Plaintiff's factual predicate supporting her assault claim states only that she suffered an "injury" of which nature is unknown. Pl.'s Pet. at ¶ 21–22. Although Plaintiff does mention "bodily injury" in paragraph 19 of her Petition, that paragraph is solely a formulaic

recitation of the elements of an assault claim in Texas which is insufficient to survive 12(b)(6) analysis. *See Twombly*, 550 U.S. at 555.

14. Further fatal to Plaintiff's assault claim against Moreno is that Plaintiff failed to allege physical contact. Physical contact by defendant to plaintiff is required for an assault claim. *See Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 630 (Tex. 1967). It is, however, well-established that physical contact need not be with the physical body of Plaintiff and it need not be direct physical contact. *Id.* (finding grabbing a person's plate in buffet line constituted battery); *U.S. v. Villegas-Hernandez*, 468 F.3d 874, 879 (5th Cir. 2006) (noting in dicta that assault could be found for an individual making available to the victim a poisoned drink while reassuring the drink is safe, or telling the victim he can safely back his car out while knowing an approaching car driven by an independently acting third party will hit the victim.); *Hutchison v. Brookshire Bros., Ltd.*, 284 F. Supp.2d 459, 475 (E.D. Tex. 2003) (noting plaintiff need not be actually touched by defendant to meet physical contact requirement). Thus, for Plaintiff to assert a plausible assault claim against Moreno there must be physical contact between something and Plaintiff or something attached to Plaintiff. *See*, *e.g.*, *Eichenwald v. Rivello*, 318 F. Supp.3d 766, 774 (D. Md. 2018) (applying the Texas Penal Code to plaintiff's assault and battery claims).

15. Plaintiff's allegation regarding Moreno slapping and grabbing a table in her presence are insufficient because there was no physical contact alleged by Moreno slapping or grabbing the table. *Id.* There are no allegations in Plaintiff's Petition that Moreno made physical contact with Plaintiff or that the table made contact with Plaintiff after Moreno slapped or grabbed it. *See*, *e.g.*, *Galvan*, 2013 WL 8475848, at *3 (finding plaintiff succeeded in stating a claim for assault by physical contact by simply alleging physical harm warranting remand). There are no reasonable inferences which can be reached that Moreno is liable for assault because there is no

6

v.

physical contact alleged. *See Iqbal*, 556 U.S. at 678. And because Plaintiff does not allege physical contact, it cannot be reasonably inferred that she suffered bodily injury as is required for an assault claim in Texas. Plaintiff's failure to allege physical contact by Moreno establishes Moreno was improperly joined solely to defeat diversity jurisdiction.

16. Plaintiff's assault claim further fails despite Plaintiff asserting that Moreno should have known or knew that Plaintiff would regard her conduct as offensive or provocative. *See* Pl.'s Orig. Pet. at ¶ 19; *see also* TEX. PENAL CODE § 22.01(a)(3) (a person commits an assault if she…intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative). Plaintiff raised this assertion in paragraph 19 which enumerates the elements of an assault claim in Texas without any factual predicate supporting the assertions. *See* Pl.'s Orig. Pet. at ¶ 19. Plaintiff later alleges that her "awareness of Moreno's prior history caused Plaintiff significant injury." Pl.'s Orig. Pet. at ¶ 21. That alone does not support her assault claim against Moreno because Plaintiff did not allege a factual predicate supporting an inference that Moreno knew or reasonably should have believed that her conduct would at a minimum be offensive or provocative to Plaintiff. *Moore*, 319 S.W.3d at 782 (finding that plaintiff did not contend defendant knew or should reasonably have believed that plaintiff would regard the conduct as offensive or provocative and thus did not assert a civil assault claim under §22.01(a)(3)); *see also Rivello*, 318 F. Supp.3d at 774.

17. To meet and survive 12(b)(6) analysis, Plaintiff was required to plead facts illustrating that Moreno either knew or reasonably should have believed that Plaintiff would regard her conduct as offensive or provocative. *Rivello*, 318 F. Supp.3d at 774. Plaintiff's knowledge or Moreno's alleged prior conduct does not suffice and there are no allegations within Plaintiff's

7

v.

Petition that Moreno knew that Plaintiff had knowledge of such alleged conduct by Moreno. It would be a giant logical leap to find that Moreno should have known that Plaintiff would find her slapping and grabbing a table and making strangling/chocking gestures in her presence to be offensive or provocative simply because she allegedly had knowledge of Moreno's alleged prior conduct which Plaintiff does not allege Moreno knew. Therefore, Plaintiff's failure to allege a factual predicate supporting that Moreno knew or should have known her alleged conduct would be offensive or provocative to Plaintiff warrants a finding that Plaintiff's assault claim fails 12(b)(6) analysis.

18.     Moreover, there is no contention in Plaintiff's Petition that Moreno threatened her with imminent bodily injury. An assault by threat of bodily injury requires that Plaintiff establish (1) that Moreno acted intentionally or knowingly, (2) Moreno threatened Plaintiff with imminent bodily injury, and (3) that Moreno's threat caused injury to Plaintiff. *See Jones v. Shipley*, 508 S.W.3d 766, 768–69 (Tex.App.—Houston [1st Dist.] 2016, pet. denied). Plaintiff's Petition also does not include a contention that Moreno acted to cause Plaintiff fear of imminent bodily injury.[1] *Wilson v. State*, 391 S.W.3d 131, 136 (Tex.App.—Texarkana 2012, no pet.). Reliance on Plaintiff's allegations in paragraph 19 of her Petition would be misplaced because the paragraph tenders naked assertions devoid of factual enhancement for the allegations raised. *See Iqbal*, 556 U.S. at 678 (internal quotations omitted). And her remaining allegations do not make the necessary factual statements to support her claim for a threat of imminent bodily injury. Because there is no reasonable inference which can be drawn from Plaintiff's assertions which support that Moreno

---

[1] Plaintiff does allege that Moreno was visibly upset and slapped and grabbed the table in a "threaten [sic] manner." Pl.'s Orig. Pet. at ¶ 21. But that does not demonstrate that Moreno sought to threaten her with bodily injury as is required for an assault under the threat of *bodily injury* theory. *See Jones*, 508 S.W.3d at 768–69.

v.

threatened Plaintiff with imminent bodily injury, Plaintiff's assault by threat of bodily injury fails 12(b)(6) analysis.

### *Plaintiff's assault claim is preempted.*

19. Moreover, Plaintiff's assault claim fails because Chapter 21 preempts that claim. Two distinct features of Chapter 21 are relevant here. First, there is no individual liability under Chapter 21. *See Anderson v. Houston Comm. Coll. Sys.*, 458 S.W.3d 633, 649 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ("It is well established in Texas that an individual cannot be held personally liable under [Chapter 21].").

20. Second, under *Waffle House, Inc. v. Williams*, Chapter 21 preempts all negligence actions when the complained of negligence is "entwined with the complained of harassment." 313 S.W.3d 796, 799 (Tex. 2010). The Texas Supreme Court reached that result because the Legislature—in enacting Chapter 21—established an "elaborately crafted statutory scheme, a scheme that . . . incorporates a legislative attempt to balance various interests and concerns of employees and employers," including requiring that employees first raise their claims with the Texas Workforce Commission and subjecting discrimination claims to certain damages caps and limitations. *Id.* at 804-807.

21. *Waffle House*, however, does not preempt assault-based claims arising from unrelated facts of a harassment claim. *See B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276, 277–79 (Tex. 2017). For example, in *Steak N Shake*, the plaintiff asserted a single claim for assault against her employer after an employee sexually assaulted her on one occasion. *See B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276, 277–79 (Tex. 2017). The employer argued that Chapter 21 preempted the claim under *Waffle House*, but the Texas Supreme Court did not agree. Instead, the court held that because the "gravamen" of the complaint was sexual assault—

and not harassment—Chapter 21 did not preempt the claim. *Id.* at 277. Thus, when the gravamen of the claim is discrimination and not assault or negligence the claim is preempted by Chapter 21. *Id.* at 277 ("We hold that where the gravamen of a plaintiff's claim is not harassment, but rather assault, as it is here, [Chapter 21] does not preempt the plaintiff's common law assault claim.").

22. Allowing common law claims that are "predicated on the same conduct that underlay [Chapter 21] claim[s]," *id.* at 803, alongside claims under Chapter 21 would circumvent "[t]his meticulous legislative design" because employees could avoid the administrative filings requirements, damages caps, and limitations simply by filing common law claims rather than under Chapter 21. *Id.* at 805 ("This meticulous legislative design is circumvented when a plaintiff brings a common-law cause of action for conduct that is actionable under [Chapter 21].").

23. For that reason, the Texas Supreme Court held that Chapter 21 preempts all common law claims arising out of the same conduct used to support a claim of discrimination under Chapter 21. *See id.* at 813 (holding that Chapter 21 preempts negligent hiring and retention claim).

24. In this case, Plaintiff's alleged assault is part and parcel of her harassment claim and the two are intertwined. In her Petition, she describes her Chapter 21 harassment claim by stating that Moreno subjected her to a hostile work environment because of her age. *See* Pl.'s Orig. Pet. ¶ 10. She claims that Moreno scrutinized her work performance by excessively monitoring Plaintiff and unfairly evaluated her in an effort to discharge her because of her age. *Id.* at ¶ 12. According to Plaintiff, Moreno would sit with Plaintiff and had various meetings with her. *See generally id.* at ¶¶ 13–24.

25. Plaintiff described her assault claim which arose from five meetings with Moreno in which Moreno yelled at her, grabbed and slapped a table, and made gestures suggesting

10

v.

strangulation. *Id.* at ¶¶ 21–24. She describes how Moreno allegedly yelled at her because one of her clients made comments that made Moreno look bad. *Id.* ¶ 24. Plaintiff does not describe her hostile work environment claim in detail. *Id.* at ¶ 26. But in her fact section, Plaintiff does allege that she complained of the discrimination and hostile work environment to ADP, including the human resource director and she also filed a complaint on the ADP employee relations website, informing ADP of "Moreno targeting and *harassing*" her. *Id.* at ¶ 13.

26.     Without question, the conduct underlying Plaintiff's assault claim is the same conduct used to support her claim that she was harassed and subjected to a hostile work environment. Based on Plaintiff's allegations, Moreno's "scrutiny" over Plaintiff's work and the various meetings which she held with Plaintiff pertained to her performance issue which she alleges were harassing and subjected her to a hostile work environment. By claiming the alleged assault occurred during work meetings, at least one in which Moreno was upset due comments by Plaintiff's clients, Plaintiff clearly intended to show that the assault also constitutes harassment underlying her hostile work environment claim. *See San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 138 (Tex. 2015) (stating that "harassment is actionable only if it . . . alter[s] the conditions of the victim's employment and create[s] an abusive working environment" by "unreasonably interfer[ing] with an employee's work performance") (internal quotations omitted; emphasis added).

27.     Because the alleged assault is intertwined with and makes up part of Plaintiff's Chapter 21 harassment claim, Chapter 21 preempts the assault claim. Plaintiff cannot repackage a harassment claim into one for assault against an individual to bypass Chapter 21's administrative requirements and to perform an end-run around Chapter 21's proscription against individual liability. *See Waffle House*, 313 S.W.3d at 803 (finding that Chapter 21 preempts common law

v.

claims "predicated on the same conduct that underlay [Chapter 21] claim[s]"); *Roane v. Dean*, 2020 WL 2078252, at *5-*6 (Tex. App.—Austin 2020, no pet. h.) (holding that Chapter 21 preempted common law intentional infliction of emotional distress claim against individual); *Cristan v. BayerCropScience, LP*, 2010 WL 11619676, at *2 (N.D. Tex. 2010) (denying motion to remand and holding that Chapter 21 preempted negligence claims against individual); *Pruitt v. Int'l Assoc. of Fire Fighters*, 366 S.W.3d 740, 749-750 (Tex. App.—Texarkana 2012, no pet.) (finding that Chapter 21 preempted common law claims against individuals for IIED, breach of fiduciary duty, and tortious interference with employment relations because "Pruitt intended to use facts relating to racial discrimination to support his common-law causes of action").

28. The gravamen of Plaintiff's claim is age harassment. Plaintiff cannot assert that her assault claim is separate or distinct from her harassment claim. Plaintiff alleges Moreno's conduct was frequent, similar to that alleged in *Waffle House*. *B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276, 280 (Tex. 2017) (differentiating severity and frequency of the assailant's conduct from severity and frequency in *Waffle House* by noting that *Steak N Shake* involved a "single violent assault" and *Waffle House* involved "six months of boorish behavior"). And, Plaintiff asserted claims for discrimination, harassment, and retaliation under Chapter 21 along with a claim for assault that is predicated on the same conduct that will also support her harassment claim. In other words, Plaintiff sued her employer for harassment under Chapter 21 and, using those same facts, she also sued Moreno individually.

29. Plaintiff cannot circumvent Chapter 21's rules preventing individual liability by suing an individual for the same conduct that makes up her harassment claim. *See Waffle House*, 313 S.W.3d at 805 ("This meticulous legislative design [of Chapter 21] is circumvented when a

v.

plaintiff brings a common-law cause of action for conduct that is actionable under [Chapter 21]."). For that reason, Moreno is fraudulently joined.

30. Moreover, even if Plaintiff's assault claim against Moreno were truly separate and distinct from her harassment claim such that they did not overlap factually, Moreno would still be improperly joined because the claims would then not arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2)(A) (permitting joinder when "there is asserted against [the defendants] jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences"); *Crockett v. RJ Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) ("Texas has adopted the same requirements for proper joinder.") (citing Tex. R. Civ. P. 40(a)). Therefore, Moreno would still be improperly joined.

31. Further demonstrating that Moreno is improperly joined is the fact that Plaintiff cannot hold Defendants vicariously liable for Moreno's assault. *See Wren v. GATX Logistics, Inc.*, 73 S.W.3d 489, 493-495 (Tex. App.—Fort Worth 2002, no pet.) (holding that employer could not be held liable for employee's assault and noting "[a]s a general rule in Texas, an employer cannot be vicariously liable for the intentional torts of assault or battery perpetrated by its employee because such acts are not ordinarily within the course and scope of an employee's authority or employment"). Even if she could, Texas courts have held that the exclusive statutory workers' compensation scheme provides a remedy against an employer for the assault of an employee. *Urdiales v. Concord Techs. Del., Inc.*, 120 S.W.3d 400, 402 & 405 (Tex.App.—Houston [14th Dist.] 2003, pet. denied) (involving assault on employee by supervisor); *Ins. Co. of N. Am. V. Estep*, 501 S.W.2d 352, 353 (Tex.App.—Amarillo 1973, writ ref'd n.r.e.) (involving assault on employee by another employee). Because Plaintiff cannot (and has not sought to) hold ADP liable

v.

for Moreno's alleged assault, Plaintiff's assault claim does not arise out of the same transaction or occurrence as her claims against Defendant. Therefore, Plaintiff cannot join unrelated claims in an effort to avoid removal. Moreno is therefore not a proper party to this lawsuit.

### B. The Amount In Controversy Requirement Is Met

32. Where it is "facially apparent" that the claims more likely than not exceed $75,000, exclusive of interest and costs, the amount in controversy requirement of $75,000 for diversity jurisdiction is met. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (quoting *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). In her Original Petition, Plaintiff pleads that she is seeking "monetary relief over $1,000,000.00 . . ." Pl.'s Orig. Pet. ¶ 29. Thus, it is apparent from the face of Plaintiff's Original Petition that the amount-in-controversy in this case exceeds $75,000.

33. Accordingly, because this civil action is wholly between citizens of different states and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), and this action is removable pursuant to 28 U.S.C. § 1441.

### III. PROPER VENUE AND COMPLIANCE WITH REMOVAL PROCEDURE

34. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

35. Defendants will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Defendants will also promptly file a copy of this Notice of Removal with the Clerk of the County Court at Law Three of El Paso County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

v.

36. True and correct copies of all process, pleadings, and the orders served upon Defendants in the state court action are being filed with this notice as required by 28 U.S.C. § 1446(a) and attached hereto.

37. Pursuant to 28 U.S.C. § 1446(b), this Notice Removal is filed within thirty (30) days after service of the initial pleading setting forth a removable claim.

Accordingly, Defendants hereby remove Cause No. 2020-DCV-2185 from the County Court at Law Three of El Paso County, Texas on this 1st day of September, 2020.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas  79999-2800
(915) 533-4424
(915) 546-5360 (Fax)

By:   */s/ Clara B. Burns*
      CLARA B. BURNS
      State Bar No. 03443600
      Clara.Burns@kempsmith.com
      VICTORIA DEL CAMPO
      State Bar No. 24103753
      Victoria.DelCampo@kempsmith.com

Attorneys for Defendant ADP, LLC

v.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on the attorney for Plaintiff, Brett Duke, Brett Duke, P.C., 6350 Escondido Dr., Ste. A-14, El Paso, Texas 79912 and Daniela Labinoti, Law Firm of Daniela Labinoti, P.C., 707 Myrtle, El Paso, Texas 79901 on the 1st day of September, 2020.

|   |   |   |
|---|---|---|
| ☐ | Regular Mail, Postage Prepaid | |
| ☐ | Hand Delivery | |
| X | Certified Mail, Return Receipt Requested | |
| ☐ | Electronic Transmission: | brettduke@brettduke.com |
| ☐ | | daniela@labinotilaw.com |
| ☐ | Facsimile Transmission: | |

*/s/ Victoria del Campo*
VICTORIA DEL CAMPO

v.