# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **LINDA MORENO**, who may be served with process at **4340 LOMA TAURINA DR., EL PASO, TX 79934** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's **Original Petition, Request for**

**Disclosure to each defendant, Interrogatories to each defendant, and Request for Production to each defendant**

at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation

before the Honorable **County Court at Law Number 3,** El Paso County, Texas, at the Court House of said County in El

Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 8th day of July, 2020, by Attorney at Law ,BRETT DUKE,

6350 ESCONDIDO DR STE A-14 EL PASO TX 79912 in this case numbered **2020DCV2185** on the docket of said court,

and styled:

**MONICA MONTES**
VS.
**LINDA MORENO AND ADP, LLC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Request for Disclosure to each defendant, Interrogatories to each defendant, and Request for Production to each defendant** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 10th day of July, 2020

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901



Attest: __NORMA FAVELA BARCELEAU__ District Clerk
El Paso County, Texas

By _____, Deputy
Corina Ramirez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the

date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____ 20_____ at _____ o'clock ___M and executed
in _____ County. Texas. by delivering to each of the within-named defendants.
in person. a true copy of this Citation. having first endorsed thereon the date of delivery. together with the accompanying
true and correct copy of the **Plaintiff's Original Petition, Request for Disclosure to each defendant, Interrogatories
to each defendant, and Request for Production to each defendant**. at the following times and places. to-wit:

| NAME | DATE | | | TIME | | | Place and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min | M | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant. _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ copy _____ $ _____   _____ Sheriff

_____   _____ County. Texas

Total _____ $ _____   by _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____. at _____o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____County. Texas

By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.

(SEAL)

_____

NOTARY PUBLIC, STATE OF TEXAS

Filed 7/8/2020 1:17 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV2185

MONICA MONTES,

    Plaintiff,

v.

LINDA MORENO, and
ADP, LLC,

    Defendants.

### PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE TO EACH DEFENDANT, INTERROGATORIES TO EACH DEFENDANT, AND REQUEST FOR PRODUCTION TO EACH DEFENDANT

#### Discovery Level

1.    Plaintiff intends to conduct discovery under Texas Rule of Civil Procedure 190.4 – Level 3.

#### Parties

2.    Plaintiff is an individual, born in 1973, female, and Citizen of the State of Texas. Plaintiff is an employee as defined by section 21.002(7) of the Texas Labor Code.

3.    Defendant Linda Moreno is an individual and Citizen of the State of Texas that may be served with process at 4340 Loma Taurina Dr., El Paso, Texas 79934, her abode, her principal place of work, or wherever she may be found.

4.    Defendant ADP, LLC is a limited liability company that may be served with process by serving its registered agent C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136. This Defendant is an employer as defined by section 21.002(8) of the Texas Labor Code.

#### Exhaustion of Administrative Procedures

5.    Plaintiff complied with all necessary administrative prerequisites. Plaintiff timely filed her Charge of Discrimination, 180 days have elapsed, and she timely filed this original petition.

1

### Jurisdiction and Venue

6.    This suit is brought and jurisdiction lies pursuant to Texas common law and Section 21.254 of the Texas Labor Code. The United States District Courts do not have subject matter jurisdiction because there is no federal-question jurisdiction and there is no diversity jurisdiction. This action properly lies in El Paso County, Texas, where the unlawful employment practices occurred. This is not a legal action against any Defendant for any Defendants' exercise of the right of free speech, right to petition, or right of association. This is a legal action for assault, discrimination, and retaliation in violation of the Texas Labor Code.

### Facts

7.    In about 2002, Moreno was a supervisor at a call center. Moreno suffered a nervous breakdown and physically attacked an employee she supervised.

8.    ADP hired Plaintiff on December 28, 2015 and then promoted Plaintiff about a year later.

9.    In about March 2019 Moreno became Plaintiff's immediate supervisor.

10.    Moreno, younger than Plaintiff, proceeded to discriminate against Plaintiff because of Plaintiff's age, 46, as well as some of the other older employees. Almost immediately, Moreno treated the older employees worse than she treated the younger employees and subjected Plaintiff to a hostile work environment because of Plaintiff's age.

11.    On May 20, 2019 Plaintiff applied for a promotion. On May 22, 2019 Moreno wrote up Plaintiff for events that occurred the prior year that were also previously addressed. Moreno did this to prevent Plaintiff's promotion.

12.    Moreno scrutinized Plaintiff's job performance and unfairly evaluated Plaintiff, especially compared with the younger employees, in an effort to discharge Plaintiff because of Plaintiff's age. Prior to Moreno Plaintiff was never placed on a corrective action because of her work performance,

although Plaintiff was in 2017 for attendance that suffered because of a custody dispute over her daughter. Other employees also noticed that Moreno was excessively monitoring Plaintiff and they even asked Plaintiff why Moreno was always on Plaintiff.

13. In June 2019 Plaintiff opposed the discrimination and complained of the discrimination and hostile work environment to ADP, including to the human resources director as well as filing a complaint on the ADP employee relations website, informing about Moreno targeting and harassing Plaintiff. ADP responded by informing Moreno and asking her why she was sitting with Plaintiff so much.

14. ADP and Moreno retaliated against Plaintiff. On July 3, 2019 Plaintiff was placed on a final written warning despite Plaintiff improving her performance to satisfy the higher standards Moreno placed upon Plaintiff than the younger employees.

15. On October 9, 2019, Plaintiff further opposed the discrimination and retaliation to ADP, this time to Moreno's manager. Plaintiff asked to be transferred from Moreno because Moreno was discriminating against Plaintiff pointing out how Moreno was treating Plaintiff differently because Plaintiff was older. Later, Moreno's manager attended two meetings with Moreno and Plaintiff.

16. On November 14, 2019 ADP discharged Plaintiff because of Plaintiff's age and in retaliation for opposing the discrimination.

17. The motivating factor for ADP to discharge Plaintiff was her age.

18. ADP discharged Plaintiff in retaliation for her opposition to discrimination.

### Count L
### Assault

19. As detailed more below, Defendant Moreno assaulted Plaintiff. Defendant Moreno

3

intentionally, knowingly, and/or recklessly caused bodily injury to Plaintiff. Defendant Moreno intentionally and/or knowing threatened Plaintiff with imminent bodily injury. Defendant Moreno intentionally and/or knowingly caused physical contact with Plaintiff when Defendant Moreno knew or should have reasonably believed that Plaintiff would regard the contact as offensive or provocative.

20.     As indicated above, Moreno suffered a nervous breakdown and physically attacked an employee she supervised.

21.     In meetings on June 14, 2019, and June 27, 2019, Moreno assaulted Plaintiff. Moreno was visibly upset with Plaintiff and slapped and grabbed the table in a threaten manner that caused Plaintiff injury. Plaintiff's awareness of Moreno's prior history caused Plaintiff significant injury.

22.     In a meeting on July 25, 2019, Moreno caused Plaintiff injury when she made a strangling gesture and then slapping the table.

23.     In a meeting on September 13, 2019, Moreno assaulted Plaintiff causing her injury. Moreno yelled at Plaintiff and grabbed and slapped a table and again made the choking gesture.

24.     On October 11, 2019, Moreno yelled at Plaintiff because one of Plaintiff's client's made comments that made Moreno look bad.

### Count II.
### Discrimination because of Age

25.     ADP violated section 21.051 of the Texas Labor Code. As detailed above, ADP committed unlawful employment practices because ADP discriminated against Plaintiff and intentionally discriminated against Plaintiff because of Plaintiff's age. Plaintiff was born in 1973. Plaintiff's age was a motivating factor of ADP discharging Plaintiff and discriminating against her in connection with the terms, conditions, and privileges of employment, including subjecting her to

a hostile work environment.

## Count III.
## Hostile Work Environment

26.    ADP violated section 21.051 of the Texas Labor Code. As detailed above, ADP committed unlawful employment practices because ADP discriminated against and intentionally discriminated against Plaintiff because of Plaintiff's age, motivating factors of ADP discriminating against Plaintiff in connection with the terms, conditions, and privileges of employment, including subjecting her to a hostile work environment.

## Count IV.
## Retaliation

27.    ADP violated 21.055 of the Texas Labor Code. As detailed above, ADP committed unlawful employment practices because ADP retaliated against and discriminated against Plaintiff because of her opposition to ADP's discriminatory practices. ADP 's retaliation against Plaintiff resulted in even more of a hostile work environment and ultimately in Plaintiff's discharge.

### Damages

28.    As a direct and proximate result of Moreno's assault and of ADP's discrimination, hostile work environment, and retaliation, Plaintiff has been damaged in the form of lost wages and benefits in the past and future and compensatory damages in the past and future, which include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

29.    Pursuant to Texas Rule of Civil Procedure 47(c)(1), Plaintiff has been damaged in an amount within the jurisdictional limits of this Court and she states that she seeks monetary relief over $1,000,000 for all the other relief to which Plaintiff deems herself entitled. This statement is made solely to comply with Texas Rule of Civil Procedure 47 and not for argument to the jury.

5

The monetary relief actually awarded will ultimately be determined by the jury.

## Punitive Damages

30.     Pursuant to section 41 of the Texas Civil Practice and Remedies Code and section 21.2585 of the Texas Labor Code, Plaintiff is entitled to recover punitive damages from Defendants for their actions as detailed above.  Defendant Moreno assaulted Plaintiff.  Defendant ADP engaged in unlawful intentional employment practices with malice and/or reckless indifference to the state-protected rights of Plaintiff.  Plaintiff seeks punitive damages in an amount to be determined by the jury against each Defendant.

## Attorney Fees, Court Costs, and Expert Fees

31.     Pursuant to section 21.259 of the Texas Labor Code, Plaintiff is entitled to attorney fees, costs of court, and expert fees.

## Conditions Precedent

32.     All conditions precedent have been performed or have occurred.

## Jury Demand

33.     Trial by jury is demanded and the applicable fee is paid.

## Prayer

34.     For these reasons, Plaintiff asks that Defendants be cited to appear and answer, and, on final trial, that Plaintiff have judgment against Defendants, for a sum within the jurisdictional limits of this Court, for the following:

    a.      general damages;

    b.      special damages;

    c.      punitive damages as determined by the jury;

    d.      prejudgment interest as provided by law;

e.    postjudgment interest as provided by law;

f.    attorney fees, expert fees, court costs and all costs of suit; and

g.    such other and further relief at law and equity to which Plaintiff may be justly

entitled.

## REQUEST FOR DISCLOSURE TO EACH DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

# PLAINTIFF'S FIRST SET OF INTERROGATORIES TO EACH DEFENDANT

Plaintiff serves this first set of interrogatories on each Defendant.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. Parties. The term "Plaintiff or "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2. Person. The term "person" is defined as any natural person, any business, a legal or governmental entity, or an association.

3. Document. The term "document" means all written, typed, or printed matters, and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

4. Communication. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

5. Identify (person). When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

6. Identify (document). When referring to documents, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person who has custody of the document; and (g) whether the document has been destroyed, and if so, (I) the date of its destruction, (ii) the reason for its destruction, and (iii) the identity of the person who destroyed it.

7. Relating. The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

8. All/Each. The terms "all" and "each" should be construed as "and," "each," and "and/or."

9. Any. The term "any" should be understood in either its most or its least inclusive sense as

9

necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. And/Or. The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. "You" or "your" means Defendant, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of you or its successors, predecessors, divisions, and subsidiaries.

12. Number. The use of the singular form of any word includes the plural and vice versa.

13. Unless otherwise indicated, the scope of time for responding to these discovery requests is from January 1, 2015 through the present and the scope of geography is the State of Texas.

14. These requests do not seek privileged material.

1. Identify by name, last known address, telephone number and job title, Plaintiff's immediate supervisor or supervisors and all others with successive authority over the Plaintiff and the Plaintiff's work while employed with you.

Answer:

2. Identify, describe and provide the amounts of all pay rates, wages, and employment benefits, e.g., medical insurance, dental insurance, workers' compensation insurance, other insurance, 401K plan benefits, pension benefits, etc., provided to or available to Plaintiff just before Plaintiff was separated or discharged from employment. If the value of Plaintiff's benefits can be stated as a percentage of Plaintiff's salary or wages please do so.

Answer:

3. Identify by name, last known address, last known telephone number and job title the persons with knowledge of the reasons or circumstances surrounding Plaintiff's separation from employment or discharge of employment from you.

Answer:

4. Identify by name, last known address, telephone number and job title the person or persons who made the decision to discharge Plaintiff or to, otherwise, separate Plaintiff from employment from you.

Answer:

5. Identify by name, last known address, telephone number and job title, the persons, other than those identified in the immediately preceding Interrogatory, who approved, authorized or ratified the decision to discharge Plaintiff or to otherwise separate Plaintiff from employment from you.

Answer:

6. Identify by name, last known home address, home telephone number, and age of the person who replaced Plaintiff.

Answer:

7. With regard to any witness whom you may call as expert witnesses in the trial of this case through live testimony or by deposition, please identify the expert, and for each such expert, state the following:

    a.    the subject matter on which the expert is expected to testify;
    b.    the summary of the facts, opinions and mental impressions to which the expert is expected to testify;
    c.    the basis, hypothesis, tests, experiments, calculations or formulas on which the

d. expert's opinion is based, and

identify each test, experiment, or report done, attempted, undertaken, written, or completed by such expert.

Answer:

8. State the names, addresses, telephone numbers, official titles, if any, and other identification information of all witnesses now known to you who will be called upon to testify, followed by a brief description of the nature and substance of the testimony which it is expected will be given by each such witness, and if any such prospective witnesses are related to you, state the relationship.

Answer:

9. State the names, addresses, telephone numbers, official titles, if any, and other identification information of all persons known to you with knowledge of relevant facts, including information or knowledge of any fact or record relating to the subject of this litigation, including, but not limited to, allegations you separated or discharged Plaintiff's employment, discriminated against Plaintiff, and/or retaliated against Plaintiff.

Answer:

10. Identify every person who alleged they were assaulted, harassed, discriminated against and/or retaliated against by you, or one of your employees or representatives, including but not limited to Linda Moreno.

Answer:

11. Identify all persons who investigated the discrimination, harassment, and/or retaliation allegations of Plaintiff.

Answer:

12. Identify by name, last known address, telephone number and job title, all persons who complained about Plaintiff, including about Plaintiff's job performance.

Answer:

13. Describe all claims, complaints, charges, and/or lawsuits filed against Defendants concerning discrimination, harassment, or retaliation since January 1, 2015 in Texas.

Answer:

14. Describe any background investigation done by you on Linda Moreno.

Answer:

15. Describe any complaints concerning Linda Moreno made while employed with you.

Answer:

16. Describe any complaints of discrimination, harassment, and/or retaliation made by Plaintiff while employed by you.

Answer:

17. If you contend any of Plaintiff's allegations are not true, describe the factual basis for your contention.

Answer:

18. Describe the factual basis for each of your affirmative defenses, if any.

Answer:

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO EACH DEFENDANT

Plaintiff serves this first set of requests for production on each Defendant pursuant to Texas Rule of Civil Procedure 196. The documents must be produced within 30 days of service of this request.

### INSTRUCTIONS

1.      Answer each request for production separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2.      For each document or other requested information that defendants assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.

3.      For each document defendants claim is not discoverable, state the information required by the definition of "document" below, and in addition state the following: (a) the author's job title and address; (b) the recipient's job title and address; (c) the name and job title of all persons to whom it was circulated or who saw it; (d) the name, job title, and address of the person now in possession of the document; and (e) the document's present location.

4.      For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and state the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

### DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1.      Parties. The term "Plaintiff or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.      "You" or "your" means Defendant, including any successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of defendant, or any successors, predecessors, divisions, and subsidiaries.

3.      Person. The term "person" is defined as any natural person, any business, a legal or

14

governmental entity, or an association.

4.      Document. The term "document" means all written, typed, or printed matters, and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

5.      Communication. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

6.      Identify (person). When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

7.      Identify (document). When referring to documents, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person who has custody of the document; and (g) whether the document has been destroyed, and if so, (i) the date of its destruction, (ii) the reason for its destruction, and (iii) the identity of the person who destroyed it.

8.      Relating. The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

9.      All/Each. The terms "all" and "each" should be construed as "and," "each," and "and/or."

10.     Any. The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11.     And/Or. The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.     Number. The use of the singular form of any word includes the plural and vice versa.

13.     Scope of Requests. Unless otherwise indicated, the scope of these requests is limited from January 1, 2015 through the end of trial and the geographical scope is the State of Texas.

14.     These requests do not seek the production of privileged documents.

15

1. Provide Plaintiff's complete personnel file, including employee evaluations and any worker's compensation, medical, disciplinary and all other file subparts. For purposes of this request, "personnel file" is defined as any documents or information in your possession which relate to Plaintiff's employment with you, regardless of whether such information is maintained in different locations, files or folders.

Response:

2. Provide Linda Moreno's personnel file, including employee evaluations, disciplinary and all other file subparts. For purposes of this request, "personnel file" is defined as any documents or information in your possession which relate to his employment with you, regardless of whether such information is maintained in different locations, files or folders.

3. Provide all documentation, whether written or electronic, showing Plaintiff's payroll history, payroll, or pay and the amount or value of Plaintiff's employment benefits, e.g. medical insurance, dental insurance, worker's compensation insurance, 401K benefits, etc., for the duration of all employment periods with you, including but not limited to the COBRA letter, if any, sent to Plaintiff.

Response:

4. Provide any and all documentation including videos, manuals, notebooks, pamphlets and posters, provided to or shown to Plaintiff at the time of hiring or during the course of employment with you relating to discrimination and/or retaliation in the work place and or investigations thereof.

Response:

5. Provide any and all of your Employee Manuals or Employee Policy Manuals and all documents including internal company memoranda and e-mails evidencing the policies which you apply to your El Paso, Texas employees.

Response:

6. Provide a copy of your policies and procedures relating to any actions taken or to be taken by you in response to a claim of discrimination and/or retaliation by an employee, including, your policies or procedures for investigating such claims.

Response:

7. Provide all company or internal memoranda including e-mails by or between you, your agents, and employees, except those documents covered by the attorney-client privilege, on the subject of Plaintiff.

Response:

16

8. Provide all company or internal memoranda including e-mails by or between you, your agents, and employees, except those documents covered by the attorney-client privilege, on the subject of the investigation into Plaintiff's claims of discrimination, harassment, and/or retaliation.

Response:

9. Provide all documentation including videos, manuals, notebooks, pamphlets, posters and "company" or internal memoranda and e-mails given to or shown to your employees regarding discrimination, harassment, and/or retaliation.

Response:

10. If your employees or agents have received any training via courses or classes regarding discrimination, harassment, and/or retaliation, provide all documentation showing attendance in such courses or classes and all class or course material including videos, manuals, notebooks, pamphlets and posters received during such training.

Response:

11. Provide all documents, including company or internal memoranda and e-mails by or between you, your agents or employees, except those documents privileged under the attorney-client privilege, regarding Plaintiff's hiring, benefits, layoff, discharge or separation from your employment and regarding every disciplinary action taken against Plaintiff.

Response:

12. Provide all documentation evidencing or showing disciplinary actions, if any, against the person or persons identified in Interrogatories Nos. 4 and 5, on account of any action taken by you regarding Plaintiff, including Plaintiff's layoff, discharge or separation from employment.

Response:

13. Provide a copy of any and all documents signed or adopted by Plaintiff regarding Plaintiff's employment conditions with you.

Response:

14. Provide a copy of all documents describing Plaintiff's job duties or essential job functions for all positions Plaintiff held while employed by you.

Response:

15. Provide a copy of all documentation constituting or memorializing all communications, whether oral, written or electronic, including correspondence, reports, notes, memoranda, faxes,

17

or e-mails between you, your agents, and employees and any investigator relating to Plaintiff's employment, taxes, benefits, and/or report of discrimination and/or retaliation.

Response:

16. Provide a copy of all documentation constituting, concerning or memorializing all communications, whether oral, written or electronic, including correspondence, reports, notes, memoranda, faxes, or e-mail between you, your agents or employees and any state governmental agency, including the Texas Workforce Commission, relating to Plaintiff, Plaintiff's employment, taxes, benefits, and/or report of discrimination and/or retaliation.

Response:

17. Provide a copy of all documentation, concerning or memorializing all communications, whether oral, written or electronic, including correspondence, reports, notes, memoranda, faxes, or e-mail between you, your agents or employees and any federal governmental agency, including the Equal Employment Opportunity Commission, relating to Plaintiff's employment, taxes, benefits, and or report of discrimination and/or retaliation.

Response:

18. Produce all working papers, notes, calculations, diagrams, photographs, models, exhibits, and other documents, including reports and factual observations, prepared or reviewed by any expert who will testify at trial.

Response:

19. Produce copies of all transcripts of testimony previously provided by any individual listed by you as an expert witness.

Response:

20. Produce all treatises, rules, regulations, guidelines, statutes, policies, procedures, and any other authoritative materials considered in forming an opinion by any expert who will testify at trial.

Response:

21. Produce all invoices, bills, and other billing materials for each expert expected to testify at trial.

Response:

22. Produce all photographs, videotapes, depictions, and drawings that depict or pertain in any way to the subject matter of this suit, including but not limited to, allegations you discriminated and/or retaliated against Plaintiff.

Response:

23. Produce copies of all complaints and lawsuits in any action filed against you in which the allegations are similar to those of this suit, including, but not limited to, allegations you discriminated against or retaliated against employees.

Response:

24. Produce copies of all claims and complaints made against you for damages similar to those alleged in this suit, including, but not limited to, allegations you, or any of your employees or representatives, discriminated against employees on the basis of age and/or retaliation.

Response:

25. Produce all statements made by you or your representatives relating the subject matter of this suit, including, but not limited to, allegations you, or your employees or representatives, discriminated against Plaintiff on the basis of age and/or retaliation.

Response:

26. Produce all statements made by Plaintiff or Plaintiff's representatives relating to the subject matter of this suit.

Response:

27. Produce all statements made by any person or their representatives relating the subject matter of this suit, including, but not limited to, allegations you, or your employees or representatives, discriminated against employees on the basis of age and/or retaliation.

Response:

28. Produce all statements made by any person having knowledge of facts relating this suit, including, but not limited to, allegations you discriminated against Plaintiff on the basis of age and/or retaliated against Plaintiff. If you claim that any statement in your possession is privileged or in some manner exempt from discovery, state the date on which it was taken, from whom it was taken, by whom it was taken, and the basis of your claim that it is privileged or exempt from discovery.

Response:

29. Produce all documents that contain impeachment or rebuttal evidence.

Response:

30. If you contend that Plaintiff has not performed all conditions precedent to file this suit or that all conditions precedent necessary for filing this suit did not occur, produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding this contention.

Response:

31. Produce any and all communications and documents sent to or received from, or exchanged by and between you and Plaintiff regarding the terms of employment with you.

Response:

32. Produce any and all non-privileged communications and documents sent to or received from, or exchanged by and between you and any other person regarding Plaintiff and the terms of employment with you.

Response:

33. Produce any and all non-privileged communications and documents sent to or received from, or exchanged by and between you and any other person concerning the subject matter of this suit, including, but not limited to, allegations you discriminated against employees on the basis of age and/or retaliated against employees.

Response:

34. If you have entered into a settlement agreement with any party or nonparty to this lawsuit regarding the allegations in this lawsuit, produce that settlement agreement.

Response:

35. Produce any and all insurance policies that you may call upon to respond to any potential judgment against you in this lawsuit.

Response:

36. Produce any and all contractual indemnity agreements you may call upon to respond to any potential judgment against you in this lawsuit.

Response:

37. Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding complaints by any persons about Plaintiff, including Plaintiff's job performance.

Response:

38.   Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding all meetings with Plaintiff regarding Plaintiff's job performance, includes the notes.

Response:

39.   Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding the reasons why you hired Plaintiff.

Response:

40.   Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding any contention that you discriminated and/or retaliated against employees and former employees.

Response:

41.   Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding any contention that Linda Moreno assaulted, discriminated against, harassed, and/or retaliated against employees and former employees.

Response:

42.   Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding any allegation that Linda Moreno engaged in harassment.

Response:

43.   Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding any complaint against Linda Moreno, including by any current or former employee of yours and any customer of yours.

Response:

44.   Produce all investigations, reports, or audits of your employment practices in El Paso, Texas.

Response:

45.   If you contend that Plaintiff was not qualified to perform the duties of the job held by Plaintiff while working for you, produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding such contention.

Response:

46.   Provide all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or evidencing any investigation of Linda Moreno by you or anyone acting on your behalf, except those documents covered by the attorney-client privilege.

Response:

47.   Produce all "Charges of Discrimination" from the EEOC and the Texas Workforce Commission Civil Rights Division naming you.

Response:

48.   Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or supporting each of your affirmative defenses.

Response:

49.   If you contend any of Plaintiff's allegations are false, produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or supporting such contention.

Response:

Respectfully submitted,

LAW OFFICE OF BRETT DUKE, P.C.
6350 Escondido Dr., Ste. A-14
El Paso, Texas 79912
(915) 875-0003
(915) 875-0004 (facsímile)
brettduke@brettduke.com

*/s/ Brett Duke*
Brett Duke

LAW FIRM OF DANIELA LABINOTI, P.C.
707 Myrtle
El Paso, Texas 79901
(915) 581-4600
(915) 581-4605 (facsímile)
Daniela@LabinotiLaw.com

*/s/ Daniela Labinoti*
Daniela Labinoti

22

Filed 8/24/2020 8:45 AM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV2185

**IN THE COUNTY COURT AT LAW 3 OF
EL PASO COUNTY TEXAS**

| | | |
|---|---|---|
| **MONICA MONTES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Cause No. 2020-DCV-2185** |
| v. | § | |
| | § | |
| **LINDA MORENO, and** | § | |
| **ADP, LLC** | § | |
| | § | |
| **Defendants.** | | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant ADP, LLC ("Defendant") answers Plaintiff's Original Petition as follows:

### GENERAL DENIAL

1.      Defendant denies all allegations in Plaintiff's Original Petition.

2.      Defendant reserves the right to supplement or amend this Answer as appropriate.

### AFFIRMATIVE DEFENSES

3.      Plaintiff has failed to state a claim upon which relief can be granted.

4.      The Court lacks jurisdiction over some or all of Plaintiff's claims.

5.      Alternatively and without waiving any other defenses, Defendant acted, at all relevant times in good faith and without an intent to discriminate and without an intent to engage in any unlawful employment practices.

6.      Alternatively and without waiving any other defenses, all employment decisions made and actions taken regarding Plaintiff were based on legitimate, nondiscriminatory reasons.

7.      Defendant engaged in good faith and reasonable efforts to prevent and promptly correct any harassing or discriminatory behavior, if any, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant.

1

8.      To the extent that Plaintiff may be able to prove that an improper motive was a factor in any relevant employment decision at issue in this case, the same employment decision would have been made regardless of any improper motive.

9.      Defendant Moreno acted outside the scope of her employment when the alleged assault with Plaintiff occurred and the alleged assault was not in relation to Defendant's business. Defendant did not authorize nor ratify such acts.

10.     Defendant did not commit any willful, intentional, malicious or reckless act, nor did it authorize or ratify any such act; therefore, Plaintiff is not entitled to recover exemplary/punitive damages.

11.     Plaintiff's damages are subject to the statutory caps set forth in the Texas Civil Practice and Remedies Code.

12.     Plaintiff has failed to mitigate her damages.

13.     Plaintiff's damages are subject to offset by interim earnings, workers' compensation benefits, or unemployment compensation received.

Accordingly, Defendant requests that Plaintiff take nothing by this action and that Defendant receive all relief to which it is entitled.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
915.533.4424
915.546.5360 (FAX)


By:___*/s/ C.B. Burns*_____
        CLARA B. BURNS
        State Bar No. 03443600
        clara.burns@kempsmith.com

        Attorney for Defendant

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document was served on the attorneys for Plaintiff, Daniela Labinoti, Law Firm of Daniela Labinoti, P.C., 707 Myrtle, El Paso, Texas, 79901, and Brett Duke, Law Office of Brett Duke, P.C., 6350 Escondido Dr., Ste. A-14, El Paso, Texas 79912 on the 24th day of August, 2020.

☐  Regular Mail, Postage Prepaid
☐  Hand Delivery
☐  Certified Mail, Return Receipt Requested
X  Electronic Transmission:  Daniela@LabinotiLaw.com; brettduke@brettduke.com
☐  Facsimile Transmission:  (915) 581-4605; (915) 875-0004


          */s/ C.B. Burns*
          CLARA B. BURNS

Filed 8/31/2020 4:17 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV2185

**IN THE COUNTY COURT AT LAW 3 OF**
**EL PASO COUNTY TEXAS**

| | | |
|---|---|---|
| **MONICA MONTES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Cause No. 2020-DCV-2185** |
| **v.** | § | |
| | § | |
| **LINDA MORENO, and** | § | |
| **ADP, LLC** | § | |
| | § | |
| **Defendants.** | | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant ADP, LLC ("Defendant") answers Plaintiff's Original Petition as follows:

### GENERAL DENIAL

1.  Defendant denies all allegations in Plaintiff's Original Petition.

2.  Defendant reserves the right to supplement or amend this Answer as appropriate.

### AFFIRMATIVE DEFENSES

3.  Plaintiff has failed to state a claim upon which relief can be granted.

4.  The Court lacks jurisdiction over some or all of Plaintiff's claims.

5.  Alternatively and without waiving any other defenses, Defendant acted, at all relevant times in good faith and without an intent to discriminate and without an intent to engage in any unlawful employment practices.

6.  Alternatively and without waiving any other defenses, all employment decisions made and actions taken regarding Plaintiff were based on legitimate, nondiscriminatory reasons.

7.  Defendant engaged in good faith and reasonable efforts to prevent and promptly correct any harassing or discriminatory behavior, if any, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant.

v.

8.      To the extent that Plaintiff may be able to prove that an improper motive was a factor in any relevant employment decision at issue in this case, the same employment decision would have been made regardless of any improper motive.

9.      Defendant Moreno acted outside the scope of her employment when the alleged assault with Plaintiff occurred and the alleged assault was not in relation to Defendant's business. Defendant did not authorize nor ratify such acts.

10.     Defendant did not commit any willful, intentional, malicious or reckless act, nor did it authorize or ratify any such act; therefore, Plaintiff is not entitled to recover exemplary/punitive damages.

11.     Plaintiff's damages are subject to the statutory caps set forth in the Texas Civil Practice and Remedies Code.

12.     Plaintiff has failed to mitigate her damages.

13.     Plaintiff's damages are subject to offset by interim earnings, workers' compensation benefits, or unemployment compensation received.

Accordingly, Defendant requests that Plaintiff take nothing by this action and that Defendant receive all relief to which it is entitled.

Respectfully submitted,


KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
915.533.4424
915.546.5360 (FAX)


By:___*/s/ Clara B. Burns*_____
CLARA B. BURNS
State Bar No. 03443600
clara.burns@kempsmith.com

Attorney for Defendant

v.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the attorneys for Plaintiff, Daniela Labinoti, Law Firm of Daniela Labinoti, P.C., 707 Myrtle, El Paso, Texas, 79901, and Brett Duke, Law Office of Brett Duke, P.C., 6350 Escondido Dr., Ste. A-14, El Paso, Texas 79912 on the 31st day of August, 2020.

☐      Regular Mail, Postage Prepaid
☐      Hand Delivery
☐      Certified Mail, Return Receipt Requested
X      Electronic Transmission:     Daniela@LabinotiLaw.com; brettduke@brettduke.com
☐      Facsimile Transmission:     (915) 581-4605; (915) 875-0004


*/s/ Clara B. Burns*
CLARA B. BURNS